REGAN, Judge.
Plaintiff, Charles O. Hartwell, Jr., instituted a rule for contempt against the defendant, Jill de Bardeleben Hartwell, his wife, endeavoring to compel her to restore to him the privilege of visiting their minor child[1], Laureen Lane, which she had violated on October 20, 1960, by refusing to allow him the right of visitation, as directed by the judgment of separation from bed and board rendered on July 13, 1960.
The defendant answered and denied that she was in contempt of the order of the court; that in refusing visitation privileges to the plaintiff she was motivated by the desire to preserve the mental and physical welfare of their child and, finally, that the judgment of separation should be amended[2] so as to restrict the plaintiff’s visitation privileges to the defendant’s home.
From a.judgment in favor of the defendant dismissing the rule for contempt and in favor of the plaintiff maintaining the right of visitation granted in the judgment of separation on July 13, 1960, the defendant has prosecuted this appeal; the plaintiff has neither appealed nor answered the appeal.
The record reveals that a judgment of separation from bed and board was rendered on July 13, 1960, in favor of the plaintiff and against the defendant. In this judgment, the care, custody and control of the child was awarded by the court *82 to the mother, the defendant herein; however, the father was given the right of visitation on Saturdays and Sundays from 10 a. m. to 5 p. m. every other week, and from 5 p. m. to 7 p. m. for two evenings during every other alternating week.
The right of visitation accorded the father was complied with from the date of the judgment, July 13, 1960, until October 20, 1960, at which time the defendant refused to allow the father the right of visitation as directed in the judgment of separation. Hence this rule for contempt.
During the trial thereof, the defendant was afforded every conceivable opportunity to introduce any evidence to substantiate as a fact that it was to the best interests of the child that the right of visitation accorded to the father be discontinued or should be confined to the home of the mother.
The defendant, by inference, insinuation and innuendo, emanating from the testimony of several lay witnesses, as well as physicians[3], endeavored to establish that after visiting with her father, the child would manifest an abnormal condition upon being returned to its mother in that the child was subjected to sexual stimulation while in the custody of her father, which in turn caused her to manipulate her genitals thereafter.[4]
The trial judge, in his reasons for judgment, among other things asserted that:
“The defendant in rule sought to have the right of visitation granted to her husband restricted to her home, predicated upon the fact that after her return from visiting with her father she was highly excitable and because of her abnormal physical condition. As regards the excitable condition of the child after her visit with her father, the court feels that this is a normal reaction attributable to the places she had been or the attention showered upon her. The question of the abnormal physical condition is of grave concern. It is one that demanded and received the most careful and serious consideration from this court. The abnormal physical condition complained of was whether the child was subjected to sexual stimulation while in the custody of her father, resulting in her playing with her genital parts.
* * * * ‡ *
“A careful review of all of the evidence adduced on behalf of the defendant fails to establish that the child was injured while in the physical custody of her father. Further it does not confirm or substantiate that the child was actually subjected to sexual stimulation. The well being of the child is the primary concern of the court, and the natural rights of custody and visitation are of lesser importance. Therefore, the degree of proof required of the mother, since it involves the infant’s welfare and because of the nature of the allegations, is less exacting than i's normally expected and necessary. Even though the evidence was received and considered in this light, the court is of the opinion that the defendant failed to sustain the burden of proof, and the testimony is not sufficient to warrant the restricting of the rights of visitation as previously awarded herein.”
The only question posed for our consideration is whether the foregoing findings *83 of fact and'the conclusion drawn therefrom are so erroneous and unsupported by the evidence as to warrant a reversal by us.
We have, in view of the serious accusations made by the mother against the father of the child, microscopically examined the evidence inscribed in this record and we are convinced therefrom that it abundantly refutes these nebulous charges made against the father, and absolutely supports the wisdom of the trial court’s conclusion. To have reasoned otherwise would have been repugnant to our sense of justice.
We are also of the opinion that the judge thereof exemplified remarkable restraint in not finding the defendant in contempt of the court’s order of July 13, 1960, which initially granted the privileges of visitation to the plaintiff.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. The child was then either 19 or 20 months of age.

. The plaintiff filed a motion to strike from the answer to the rule for contempt that portion of the answer which requested an amendment of the original judgment. The trial judge, while he overruled this motion, fully recognized the validity thereof in pointing up a procedural technicality but in view of the nature of the ease, he was of the opinion that the defendant should be permitted to prove “that her action was not motivated by a willful disregard of the court’s authority, but prompted by the welfare and best interest of the child. * ■ * * ”

. Dr. John L. Dyer, a specialist in internal medicine, and Dr. Conrad Wall, a specialist in the field of psychiatry, both appeared and testified on behalf of the defendant; however, their testimony, with respect to the specific problem posed by the defendant for the court’s consideration, was of little or no assistance to the judge thereof.

. No useful purpose would be served by indulging in a protracted discussion of the nature of this nebulous evidence; suffice it to say that it was obviously provoked by an animosity that is frequently one of the results of marital discord. In any event the trial judge exemplified remarkable wisdom in his evaluation of it.